UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Jama'a Cox, | CASE NO. 1:23 CV 01221 |
| Plaintiff, | JUDGE PAMELA A. BARKER |
| v. | |
| | Memorandum of Opinion and Order |
| Matt Damschroder, | |
| Defendant. | |

*Pro se* Plaintiff Jama'a Cox ("Plaintiff") filed this action against Ohio Department of Jobs and Family Services Director Matt Damschroder. The Complaint contains no facts and no legal causes of action. Plaintiff simply asserts that he demands to be free from all existing child support orders and seeks $130,000 for previous child support payments and arrearages and improper use of his name and social security number; and he seeks the dismissal of any existing child support. (Doc. No. 1, PageID # 4.) He attaches to his Complaint 38 pages of meaningless rhetoric and cites to 8 U.S.C. § 1101(a)(21) (defining the term "national" to mean a person owing permanent allegiance to a state) and 26 U.S.C. § 7701(b)(1)(A) of the Internal Revenue Code (defining the terms resident alien and nonresident alien) as support for this Court's jurisdiction.

The Court is required to construe Plaintiff's *pro se* Complaint liberally and to hold it to a less stringent standard than one drafted by an attorney. *Spotts v. United States*, 429 F.3d

1

248, 250 (6th Cir.2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)). Pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999) (per curiam), district courts are permitted to conduct a limited screening procedure and to dismiss, *sua sponte*, a fee-paid Complaint filed by a non-prisoner if it appears that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479 (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the District Court lacks subject matter jurisdiction over the matter. *Id*. at 480; *see also Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir.1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir.1990).

This Court lacks subject matter jurisdiction over this Complaint. Federal courts are courts of limited jurisdiction, and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id*. Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377(1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between

2

"citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists an address in South Euclid, Ohio and declared that he is domiciled in Ohio (Doc. No. 1-1. PageID #: 10). The Defendant is an employee of the Ohio Department of Jobs and Family Services. Plaintiff lists an Ohio address for him. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendants are both citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction

3

of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a federal question in this case. He does not assert a legal cause of action and the statutes he lists as the basis of jurisdiction are simply definitions of terms used in other statutes. They do not provide a private right of action. He seeks relief from child support. Child support is wholly a matter within state law. Federal Courts do not make determinations of child support. *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). Finally, he provides no factual allegations and no statutory reference for his conclusory assertion that the Defendant improperly used his name and his social security number. This statement, alone, is insufficient to establish a federal cause of action. *See Apple*, 183 F.3d at 479. This Court lacks subject matter jurisdiction over this action.

### CONCLUSION

Accordingly, this action is dismissed pursuant to *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir.1999). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: August 9, 2023

Pamela A. Barker
PAMELA A. BARKER
U. S. DISTRICT JUDGE

4